# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**In Re: M.L.**

**No. 14-0125** (McDowell County 12-JA-85)

**FILED**

June 16, 2014

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother, by counsel Thomas H. Evans III, appeals the Circuit Court of McDowell County's January 9, 2014, order terminating her parental rights to the child, M.L. The West Virginia Department of Health and Human Resources ("DHHR"), by counsel William P. Jones, filed its response in support of the circuit court's order. The guardian ad litem, R. Keith Flinchum, filed a response on behalf of the child supporting the circuit court's order. On appeal, petitioner alleges that the circuit court erred in terminating her parental rights without offering her an opportunity to be heard and against the weight of the evidence.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In October of 2012, the DHHR filed an abuse and neglect petition against the parents, alleging that petitioner admitted to purchasing Suboxone illegally and using the drug while pregnant with M.L. Due to petitioner's drug abuse, the child was born drug dependent and had to be treated with Morphine. The petition further alleged that, due to inappropriate behavior, petitioner had previously lost custody of an older child to that child's father, being awarded only supervised visitation. The circuit court then held an adjudicatory hearing in November of 2012, during which petitioner was granted a pre-adjudicatory improvement period. As a condition thereof, petitioner was required to submit to drug screens.

During a review hearing in October of 2013, petitioner and the father entered into a written stipulation as to their abuse and neglect of the child. Petitioner specifically stipulated that her drug abuse had interfered with her ability to provide a safe and healthy environment for M.L. As such, the circuit court adjudicated the child as abused and petitioner as an abusing parent. In November of 2013, the circuit court held a status hearing for which neither parent appeared. The child's foster mother informed the circuit court that petitioner had contacted her regarding confusion as to the date of the hearing. The circuit court thereafter denied petitioner's motion for a post-adjudicatory improvement period before informing all present parties, including petitioner's counsel, that a dispositional hearing would be set for January 2, 2014. Again, the parents did not appear for the dispositional hearing on that date. After finding that petitioner

1

continued to abuse drugs, the circuit court terminated her parental rights to the child. It is from the dispositional order that petitioner appeals.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, the Court finds no error in the circuit court terminating petitioner's parental rights. To begin, it is clear that the circuit court offered petitioner both notice of the dispositional hearing and an opportunity to be heard, as required by Rule 31 of the West Virginia Rules of Procedure for Child Abuse and Neglect Proceedings and West Virginia Code § 49-6-5(a).

Petitioner does not dispute that her counsel was present for the November 21, 2013, status hearing at which the circuit court scheduled the dispositional hearing. Additionally, counsel was present for the January 2, 2014, dispositional hearing and petitioner makes no allegation that she was not in communication with counsel. As such, it is clear that proper notice was provided to all parties pursuant to Rule 31 of the West Virginia Rules of Procedure for Child Abuse and Neglect Proceedings. Further, the Court finds that petitioner was offered the opportunity to be heard at the dispositional hearing, as required by West Virginia Code § 49-6-5(a), but instead chose not to attend so as to take advantage of that opportunity. Therefore, we find no error in this regard.

As to petitioner's second assignment of error, the Court finds no error in the circuit court's decision to terminate petitioner's parental rights. Petitioner alleges that the circuit court failed to make a plausible accounting of the evidence below, but it is clear that the evidence overwhelmingly supported termination. Petitioner previously stipulated to abuse by virtue of her substance abuse, and the record is clear that petitioner continually failed to comply with mandatory drug testing and also failed multiple drug screens. In fact, petitioner admits that she failed drug screens, but argues that basing termination upon limited testimony from the DHHR and a lack of her own testimony constitutes error. We do not agree.

As addressed above, petitioner was provided proper notice of all hearings and an opportunity to present evidence during the proceedings. Petitioner's decsision not to attend and

testify did not prevent the circuit court from proceeding to termination. This is especially true in light of the DHHR's overwhelming evidence supporting the circuit court's findings, including petitioner's failure to follow through with recommended in-patient substance abuse treatment, her failure to participate in the proceedings since approximately October of 2013, her failure to attend visitation with the child, and her continued drug abuse. In fact, according to the guardian, petitioner failed at least twelve drug screens between November of 2012 and December of 2013, often testing positive for multiple substances.

Pursuant to West Virginia Code § 49-6-5(b)(1), when a parent has "habitually abused or [is] addicted to . . . controlled substances or drugs, to the extent that proper parenting skills have been seriously impaired and [the parent has] not responded to or followed through the recommended and appropriate treatment," there is no reasonable likelihood that the conditions of abuse or neglect can be substantially corrected. Based upon the evidence outlined above, the circuit court did not err in making such a finding, or in finding that termination was necessary for the child's welfare. Pursuant to West Virginia Code § 49-6-5(a)(6), circuit courts are directed to terminate parental rights upon these findings.

For the foregoing reasons, we find no error in the decision of the circuit court and its January 9, 2014, order is hereby affirmed.

Affirmed.

**ISSUED**: June 16, 2014

**CONCURRED IN BY**:

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

3